UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT E. DE SOTELL,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | CASE NO. 2:21-CV-1082-RSL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: February 4, 2022 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 9. Currently before the Court is Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment ("Motion to Dismiss"). Dkt. 12.

After review of the relevant record, the Court concludes Defendants' Motion to Dismiss is meritorious. Accordingly, the Court recommends the Motion to Dismiss (Dkt. 12) be granted and this case be dismissed without prejudice for lack subject matter jurisdiction.

REPORT AND RECOMMENDATION - 1

## I.  Background

Plaintiff Robert E. De Sotell alleges he was injured in a motor vehicle accident as a result of the negligence of Tricia Nevins on August 30, 2018. Dkt. 1-1. On February 28, 2020, Plaintiff filed a Complaint in the Superior Court of Whatcom County- a Washington state court. *Id*. On August 13, 2021, invoking 28 U.S.C. § 2679(d)(2), the United States removed the case to this Court and substituted itself for Nevins as a defendant on the grounds that Nevins was employed by the Lummi Nation and was acting within the scope her employment at the time of the accident.

Defendant moved to dismiss this action on August 26, 2021, arguing Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). Dkt. 12. Michael John Tario, the attorney who represented Plaintiff in the state court action, filed a motion to continue, wherein he stated he did not represent Plaintiff. Dkt. 14. Plaintiff sought extensions of time to secure counsel before responding to the Motion to Dismiss. *See* Dkt.21. The Court extended the time to file a response to the Motion to Dismiss to December 13, 2021. Dkt. 23; *see also* Dkt. 18. Counsel has not entered an appearance on Plaintiff's behalf and Plaintiff has not filed a response to the Motion to Dismiss.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction. *See* FED. R. CIV. P. 12. A complaint must be dismissed under Rule 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by

any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. § 1331 (federal question jurisdiction).

Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1164 (9th Cir. 2002). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of establishing it. *Id.* When determining subject matter jurisdiction, the Court it is not restricted to the face of the pleadings and may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

### III. Discussion

In the Motion to Dismiss, Defendant asserts this Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies under the FTCA. Dkt. 12.

Absent a Congressional waiver of sovereign immunity, a claim against the United States must be dismissed for lack of subject matter jurisdiction. *See Jachetta v. United States*, 653 F.3d 898, 903 (9th Cir.2011) (citations omitted). The FTCA, 28 U.S.C. §§ 1346, 2671–80, waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *see also* 28 U.S.C. §§ 1346(b), 2674; *Nurse v. United States*, 226 F.3d 996, 1000 (9th Cir. 2000). To bring suit against the United States in federal court under the FTCA, a plaintiff must first exhaust his administrative remedies, presenting his claim in writing to the appropriate federal agency within two years of the accrual of his claim. 28 U.S.C. §§ 2401(b), 2675(a). Where a plaintiff has failed to exhaust his administrative remedies pursuant to 28 U.S.C. § 2675(a) prior to bringing an action in federal

court falling under the FTCA, his action will be dismissed for lack of subject matter jurisdiction. *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000). The FTCA's exhaustion requirement is jurisdictional and may not be waived. *Jerves*. 966 F.2d at 519.

Defendant has submitted a declaration from Rebecca S. Pock, a paralegal specialist with the United States Department of the Interior ("DOI") in the Office of the Solicitor, stating she found no record of any FTCA administrative claim submitted by or on behalf of Plaintiff or any FTCA claim that relates to the allegations made by Plaintiff to the DOI's Office of the Solicitor. Dkt. 13, Pock Dec., ¶ 5. Further, Pock contacted the DOI Bureau of Indian Affairs ("BIA") and the DOI Bureau of Indian Education ("BIE"). *Id* at ¶ 6. Neither the administrative staff at the BIA nor the administrative staff at the BIE found any record of receiving an administrative claim from Plaintiff. *Id*. at ¶ 6. Based on the record before the Court, there is no evidence Plaintiff submitted an administrative tort claim to the United States.

Moreover, Plaintiff failed to file a response in opposition to the Motion to Dismiss. Pursuant to this Court's Local Rules, Plaintiff's failure "to file papers in opposition to a motion ... may be considered by the court as an admission that the motion has merit." *See* Local Civil Rule ("LCR") 7(b)(2). Plaintiff's opposition to the Motion to Dismiss was due on or before December 13, 2021. *See* Dkt. 23. As Plaintiff has not opposed the Motion to Dismiss, the Court finds Plaintiff has admitted the Motion to Dismiss has substantial merit and should be granted.

In summary, Defendant has shown Plaintiff has not exhausted his administrative remedies and Plaintiff has failed to provide any evidence or allegations to the contrary. Further, Plaintiff did not oppose the Motion to Dismiss; thus, the Court finds Plaintiff has admitted the Motion to Dismiss has substantial merit. As Plaintiff has not exhausted his administrative remedies under the FTCA, the Court lacks subject matter jurisdiction over this action.

### IV. Conclusion

For the above stated reasons, the Court recommends Defendant's Motion to Dismiss (Dkt. 12) be granted and this case be dismissed without prejudice for lack of subject matter jurisdiction.[1]

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* FED. R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for consideration on February 4, 2022, as noted in the caption.

Dated this 19th day of January, 2022.

David W. Christel
United States Magistrate Judge

---

[1] Defendant requested the Motion to Dismiss be granted with prejudice. Dkt. 12. However, in response to Plaintiff's request for an extension of time, Defendant stated the dismissal without prejudice was appropriate. Dkt. 22 at 1. The Court agrees. *See Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (actions dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) are ordinarily dismissed without prejudice).